IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**TEEGAN SOROKA,** individually and
on behalf of **Z.P.**, a minor, and as
personal representative of the **ESTATE
OF JEFFREY ALLEN PERRY, JR.**,

   *Plaintiff,*

vs.                                                   CASE NO: 8:09-cv-2565-T-30TGW

**VETERANS GROUP LIFE INSURANCE
COMPANY** and **KATIE MOSS**,

   *Defendants.*
_____

## TEMPORARY RESTRAINING ORDER AND ORDER
## SETTING DATE FOR HEARING ON PRELIMINARY INJUNCTION

This cause came on to be heard on Plaintiff's Verified Emergency Motion for Preliminary Injunction (Dkt. #2). It appears to the Court from the Verified Complaint that Defendants will potentially pay a substantial life insurance death benefit to an improper party, or that said party will improperly receive that death benefit and spend it, distribute it and/or otherwise convert it to her own uses, unless restrained by order of this Court. It further appears that immediate and irreparable injury, loss and damage will result to Plaintiff and to Plaintiff's minor child unless Defendants are so restrained pending the determination of Plaintiff's Motion for a Preliminary Injunction.

It is **ORDERED**, therefore, that a Temporary Restraining Order is hereby issued in this cause, effective upon the posting of the bond described herein, and Defendant, Veterans Group Life Insurance Company, shall be restrained from paying the life insurance death benefit of Jeffrey Allen Perry, Jr. under his Servicemans Group Life Insurance (SGLI) policy, and shall place the said funds payable to Mr. Perry's beneficiaries in escrow until further order of this Court.

It is further **ORDERED** that, in the event that Veterans Group Life Insurance Company has already issued a check or other payment to the Defendant Katie Moss, as payment of Jeffrey Allen Perry's life insurance death benefit, Defendant Katie Moss is restrained and enjoined from spending those funds, diverting , distributing, using, pledging, hypothecating, or otherwise altering the amount of those funds.  Defendant Katie Moss is further **ORDERED** to place all of the said funds paid as a life insurance death benefit for Jeffrey Allen Perry, Jr, in an insured bank account, and to disclose to this Court and to Plaintiff's counsel that she has done so, the date, location, and account number of the deposit, and the amount of funds being held on deposit; and the said funds shall remain on deposit in the bank account until further order of this Court.

It is further **ORDERED** that Plaintiff shall post a bond for $10,000.00 as security in this action, and shall advise this Court and the Defendants that she has done so.  This temporary restraining order shall become effective upon the posting of this bond.

It is further **ORDERED** that a hearing on Plaintiff's application for a Preliminary Injunction (Dkt. #2) shall be held on **MONDAY, JANUARY 4, 2010, AT 1:30 P.M.** at the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida, in Courtroom 13A, at which time oral argument shall be received if Plaintiff's application for a preliminary injunction is opposed.

**DONE** and **ORDERED** in Tampa, Florida on December 28, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2009\09-cv-2565.TRO.wpd